UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| DAVID C. HEDGES, | ) |
| Plaintiff, | ) Civil Action No. 5: 24-181-DCR |
| v. | ) |
| LT. ELWOOD, et al., | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Defendants. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff David Hedges is currently confined at the Lee Adjustment Center in Beattyville, Kentucky. Proceeding without an attorney, Hedges has filed a civil Complaint pursuant to 42 U.S.C. § 1983, naming Lt. Elwood, Sgt. Riley, an Unknown Deputy, Sgt./Cpt. Archer, and Rhonda Ratliff as defendants. [Record No. 1] The Court previously granted Hedges's motion to proceed *in forma pauperis*. [Record No. 6] It now conducts a preliminary review of Hedges's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A.

On initial screening, a district court should dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Hedges's Complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Hedges claims that, while he was housed at the Rowan County Detention Center in Morehead, Kentucky (incorrectly identified by Hedges as the Morehead Detention Center), he made a request through an intercom to open a cell door but the request was denied. [Record No. 1 at p. 2]  Hedges states that he then "requested for a deputy [illegible] the door walking past," who "entered cell following [him] to [his] cell [rejecting his] request while smirking in a taunt."  [*Id*.]  Hedges alleges that "these request[s] ended with another inmate assaulting [him] with officers watching then finished with [him] being put on wall with taser after Officer Riley pointing laser in [his] left eye."  [*Id*.]

Hedges states that these events occurred shortly after a threat on his life was received from the Public Defender's Office during the preparation for his criminal trial in October 2022.[1]  [*Id*. at p. 2-3]  Specifically, Hedges alleges that Nurse Ratliff and Archer witnessed "unidentified subjects" say to Hedges that "they are going to kill [him] in prison" and that these events occurred before Hedges requested new counsel in his criminal trial on October 19-20, 2022.  [*Id.* at p. 2-3]  According to Hedges, this request was denied "because [Montgomery Circuit Court] Judge Barber 'could not state the law,' [Hedges] needed to request new Public Defender with threat on [his] life pending."  [*Id*.]  Hedges also states that his cell was broken into "during trial on assault/after assault and removal to seg."  [*Id*.]

---

[1]     A review of the Kentucky Court of Justice records shows that in October 2022, Hedges was convicted of manslaughter in the first degree and was subsequently found to be a persistent felony offender in the first degree and to be in contempt of court. *Commonwealth v. David C. Hedges*, No. 20-CR-00151 (Montgomery Cir. Court 2020), *available at* https://kcoj.kycourts.net/kyecourts.  The Court takes judicial notice of undisputed information contained on government websites, *Demis v. Sniezek*, 558 F.3d 508, 513 n.2 (6th Cir. 2009), including "proceedings in other courts of record." *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969).

Based upon these factual allegations, Hedges's seeks to bring a claim for a violation of his right to counsel, as well as an "unknown" claim "for threat from lawyer" against Defendants Lt. Elwood, Sgt. Riley, an unknown deputy, Sgt./Cpt. Archer, and Nurse Rhonda Ratliff. [*Id*. at p. 1-2, 4] As relief, he requests an investigation and an amount which is not clearly legible but appears to be $72,000,000,000. [*Id*. at p. 8]

Hedges's Complaint will be dismissed on initial review for failure to state a claim upon which relief may be granted. A defendant's personal liability in an action brought pursuant to § 1983 hinges upon the defendant official's personal involvement in the alleged deprivation of the plaintiff's civil rights. *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003). *See also Polk County v. Dodson*, 454 U.S. 312, 325-26 (1981). Federal notice pleading requires, at a minimum, that a complaint advise each defendant of what he allegedly did or did not do that forms the basis of the plaintiff's claim against him. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008). Indeed, "[e]ven a pro se prisoner must link his allegations to material facts . . . and indicate what each defendant did to violate his rights . . ." *Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019) (citing *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010); *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)).

But here, the only legal claim identified by Hedges that he seeks to pursue in this action is the violation of his right to counsel, a claim which falls under the Sixth Amendment. [Record No. 1 at p. 4] Hedges does not allege any factual basis for bringing such a claim against any of the named defendants, nor does he otherwise provide any clear explanation of how his Sixth Amendment rights have been violated. At most, he alleges that Ratliff and Archer were witnesses to threats made to Hedges by other "unidentified subjects" in October 2022 and that Judge Barber subsequently denied Hedges's request for new counsel. [Record

No. 1 at p. 2-3] Hedges does not allege any further facts suggesting that either Ratliff or Archer had anything to do with Judge Barber's denial of Hedges's request for new counsel, nor does he otherwise identify any conduct by either Ratliff or Archer that allegedly violated Hedges's civil rights.[2]

Hedges makes no allegations of any conduct by Elwood, much less any conduct that allegedly violated Hedges's constitutional rights. Moreover, the only potential allegation against the "Unknown Deputy" is Hedges's allegation that an unnamed deputy rejected his request to open a cell door "while smirking in a taunt." [Record No. 1 at p. 2] While he does not identify any legal basis for a claim against the Unknown Deputy based upon these allegations, it is well-established that verbal abuse or general harassment by a prison guard does not constitute cruel and unusual punishment in violation of the Eighth Amendment. *Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) ("Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief."); *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (holding harassment and verbal abuse, while "shameful and

---

[2]    Even if Hedges had alleged that Ratliff and/or Archer were somehow involved in Judge Barber's denial of Hedges's request for new counsel, dismissal of Hedges's Sixth Amendment claim would nonetheless be warranted because it necessarily challenges the validity of Hedges's criminal conviction, which has not been overturned, and is therefore barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a plaintiff must first establish that his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a . . . tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87 (footnote omitted). Here, Hedges's claim that he was denied the right to "proper counsel" in his criminal trial necessarily calls into question the validity of his conviction and Hedges's conviction has not been invalidated, either on appeal or in a habeas corpus proceeding.

utterly unprofessional . . . [they] do not constitute the type of infliction of pain that the Eighth Amendment prohibits"); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987).

Hedges's remaining allegation is that Officer Riley pointed a laser at his left eye. Again, however, he fails to identify any legal claim that he seeks to pursue against Riley based upon this factual allegation, nor is this sole factual allegation sufficient to state any sort of claim against Riley for which relief may be granted. While the Court is obligated to liberally construe a complaint filed by a person proceeding without counsel, it has no authority to create arguments or claims that the plaintiff has not made. *Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003) ("Pro se parties must still brief the issues advanced with some effort at developed argumentation."). Vague allegations that one or more of the defendants acted wrongfully or violated the plaintiff's constitutional rights are not sufficient. *Laster v. Pramstaller*, No. 08-CV-10898, 2008 WL 1901250, at *2 (E.D. Mich. April 25, 2008).

It is also apparent from the face of Hedges's Complaint that his claims are barred by the statute of limitations. A claim plainly barred by the applicable limitations period may be dismissed upon initial screening. *Jones v. Bock*, 127 S.Ct. 910, 921 (2007) ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."); *Norman v. Granson*, No. 18-4232, 2020 WL 3240900, at *2 (6th Cir. Mar. 25, 2020) ("Where a statute of limitations defect is obvious from the face of the complaint, sua sponte dismissal is appropriate.").

Because 42 U.S.C. § 1983 does not provide its own limitations period, federal courts apply the most analogous statute of limitations from the state where the events occurred. *Zundel v. Holder*, 687 F.3d 271, 281 (6th Cir. 2012). The events about which Hedges complains occurred in Kentucky; therefore, Kentucky's one-year statute of limitations for

asserting personal injuries applies. Ky. Rev. Stat. § 413.140(1)(a); *Bonner v. Perry*, 564 F.3d 424, 431 (6th Cir. 2009). Where, as in this case, the operative facts are not in dispute, the Court determines as a matter of law whether the statute of limitations has expired. *Highland Park Ass'n of Businesses & Enterprises v. Abramson*, 91 F.3d 143 (Table) (6th Cir. 1996) (citing *Hall v. Musgrave,* 517 F.2d 1163, 1164 (6th Cir.1975)). *See also Fox v. DeSoto*, 489 F.3d 227, 232 (6th Cir. 2007).

A claim accrues when the plaintiff becomes aware of the injury which forms the basis for his claims. *Estate of Abdullah ex rel. Carswell v. Arena*, 601 F. App'x 389, 393-94 (6th Cir. 2015) ("Once the plaintiff knows he has been hurt and who has inflicted the injury, the claim accrues.") (internal quotation marks omitted) (citing *United States v. Kubrick*, 444 U.S. 111, 122 (1979)). Hedges's allegations are clear that Nurse Ratliff and Archer allegedly witnessed the threats to Hedges's life in October 2022 and Officer Riley pointed a laser at Hedges's left eye "shortly thereafter." [*Id*. at p. 2-3] Because Hedges became aware of any injuries arising from the Defendants' conduct when it allegedly occurred in or around October 2022, his claims against the Defendants accrued at that time. *See Johnson v. Memphis Light Gas & Water Div.*, 777 F. 3d 838, 843 (6th Cir. 2015) (noting that a plaintiff's claims accrue once he "[knew or had] reason to know of the injury which is the basis of his action.").

Hedges was required to file suit within one year, or around October 2023, but he did not file his Complaint until June 21, 2024, over seven months after the expiration of the one-

year statute of limitations. Ky. Rev. Stat. § 413.140(1)(a).[3] Because his Complaint was filed after the statute of limitations expired, its claims are time-barred.[4]

For the foregoing reasons, it is hereby **ORDERED** as follows:

1. Plaintiff David Hedges's Complaint [Record No. 1] is **DISMISSED**, with prejudice; and

2. This matter is **DISMISSED** and **STRICKEN** from the docket.

Dated: July 22, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky

---

[3] An incarcerated plaintiff's complaint is deemed filed on the date that it is handed to a prison official for mailing to the court. *Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002) (extending the rule of *Houston v. Lack*, 487 U.S. 266 (1988) to civil matters). Ordinarily, the Court presumes that this occurs on the date the complaint is signed. *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). Hedges signed his Complaint on June 21, 2024. [Record No. 1 at p. 8]

[4] While Hedges alleges that the subject conduct that allegedly occurred in October 2022 and "shortly thereafter," at one point in the form Complaint, he indicates that the events giving rise to his claims occurred "between October 2022 and May 2023 while being housed in Morehead Detention Center." [Record No. 1 at p. 3] Although Hedges does not make any allegations of any conduct occurring as late as May 2023, even if he had, the claims in his Complaint (filed June 21, 2024) would be time barred.